317-0383, the people of the state of Illinois, F. Lee v. Kelly Crack v. Charmaine Dunn, appellant by Santiago Durango. Thank you. Mr. Durango, good morning. Good morning, Your Honors. Ms. Dunn is a State Appellate Defender, and I represent the appellants in this case, Ms. Charmaine Dunn. Your Honors, I request an oral argument in this case because I believe this case provides the Court with an opportunity to define what constitutes an essential element under Illinois law. There's currently no case in Illinois that addresses what constitutes an essential element. The definition I'm asking the Court to adopt would be the definition provided by the Seventh Circuit in the SENA opinion, which is in the briefs, which is essentially that an essential element is one that is necessary to establish the illegality of the behavior. That definition would be very helpful in cases such as this one, which was a resisting arrest case under a general statute in which the conduct that constituted the wrongdoing needed to be particularized. The problem in this case was that the State for the grand jury returned a set of facts particularizing the offense, but the proof of guilt was based on different facts. If there was a definition of what constitutes an essential element in Illinois, and essential elements must be proved as charged, we would not have had the problem that I've raised in this case, which is that there is a charge alleging one set of facts as breaking the law, but then the proof of the facts that constituted the breaking of the law were different. So that raises problems as to adequate notice, whether the defendant will need to play whack-a-mole in order to guess at what defense he or she should raise. There's a question about double jeopardy, whether the notice of the charge was sufficient to avoid double jeopardy. And there's also a question about the possible broadening of the indictment, of an improper broadening of the indictment by alleging one set of facts and then finding guilt based on a different set of facts. And in this case, the charge was returned by the grand jury. There are two approaches that the case law follows in Illinois as to general statutes. One, which has been articulated by some panels in the first district, is that a general statute, a charge under a general statute can simply parrot the language of the general statute. To me, that is very problematic because of the lack of notice, the problems with possible double jeopardy that I just mentioned. And the best analogy I can think of for that situation would be if we suppose that the excuse me for a second here, that the Controlled Substances Act was a general statute. You would have to specify what the controlled substance was in that situation. So you couldn't just simply charge that a defendant was in possession of a controlled substance. You would have to charge that the defendant was in control of possessed cocaine, let's say, or possessed heroin. I think by analogy, that would apply to a situation like the one in this case where the facts needed to be articulated. So just simply parroting the is a good approach for any court. Just so I can be sure I understand your argument, if the prosecutor had charged this as Mrs. Dunn was attempting to evade being handcuffed, would that have been particularized enough? I do not believe so because, again, it's so broad that, referring back to my analogy to the Controlled Substances Act, that would be akin to charging a defendant with possession of a controlled substance. It needs to be more particularized than that because, again, because of double jeopardy concerns and because of notice concerns. Any physical action countering the attempt to arrest you would be resisting. Yes. So if you say anything to evade being handcuffed, that eliminates a wide swath. Yes, Your Honor, and that is a good question. And that gets back to my argument that just simply parroting the language of a general statute is not enough because, essentially, the hypothetical that you're posing would be close to simply parroting the resisting arrest statute, let's say. But then the defendant would have problems setting up a defense, perhaps, because the defendant does not know what act in particular constituted the lawbreaking. And that's why it's so important to have a definition of what constitutes an essential appellant. When a charge is that broad, it raises a concern about adequate notice of what the offense is, which leads to concerns about being able to set up a proper defense. Can you go too far the other way? Can you make it too specific? I mean, resisting arrest, you've got a lot of stuff going on. You do have a lot of stuff going on, Your Honor. Now, in this case, the jury narrowed it down, which I suggest would be the jury's equivalent of returning a bill of particulars. So let's say the charge is somewhat broad and the defendant files a bill of particulars to request a clear information about what constituted lawbreaking in that case. And what I suggest to the Court now is that in this case, the bill of particulars was furnished by the indictment. So that was what those acts in the bill of indictment were the acts that the grand jury found constituted the lawbreaking in this case. Yet, the defendant was found guilty under a different set of facts. Now, one point about that is that it was the State that had the information needed to particularize the charge. It was not the defendant. So the State had access to the police reports. The State had access to the policemen who were there. They were the ones who provided the information, or should have provided the information about what constituted the lawbreaking in this case. Who they provided to, let's complete the thoughts, to the grand jury, right? To the grand jury and... I mean, they go before a grand jury, right? Exactly. And they present facts, correct? Yes. Obviously, a State's attorney is present to say that those facts lies to an offense called an inciting offense. Yes. So now what you're saying is the indictment is insufficient, or was it sufficient? The indictment is sufficient. We're not challenging the indictment at all. What I'm saying is that if the facts that violated the law in this case were the facts that were ultimately proved at trial, those facts were known to the State because the State had access to the police officers who testified at the trial and to the police reports that were relied upon by those officers to testify at the trial. So the State could have avoided the problem in this case simply by consulting with the officers or reviewing the police reports. Prior to going to the grand jury? Prior to going to the grand jury. Yes. I don't know why the facts that were charged differed from the facts that were proved in this case. Can you highlight your position on that? You said the jury convicted him of X set of facts or X that were not charged. Yes. How do you view the difference? What do you think of the difference? Well, the charge was that the defendant resisted arrest by pulling her hands away, the verb of pull. But the evidence at trial from the police officers was that she kept her hands away. Keeping the hands away is not pulling. It's a different verb. They were under her body and I recall she stiffened them. So there was no evidence that she ever pulled her hands away. But the evidence was she stiffened her arms so that her hands couldn't be placed in handcuffs. Yes. Again, there's a difference between the facts charged and the facts proved. So let's go with, you say there's a difference. Highlight that. Give us your argument. What are the differences? Well, just what I said. Pulling versus tightening up the arms or pulling her hands out in a way that she kept her hands underneath herself was one part of the testimony. She was not making her hands available to be handcuffed. She was not. But you're saying the mechanism she used to not make them available was different than pulling. Right. And so therefore, she could not be lawfully convicted of resisting because of that difference? Yes. Not as charged. Not as charged. Right. That goes back to what I was saying about the presentation to the grand jury. If this was going to be the police officer's testimony based on her police reports, it would have been easy for the state to charge this correctly. And then we wouldn't have the problem of one set of facts. So really, your argument is by analogy, we're a fact pleading state looking at civil law. Yes. And you cannot move to conform the pleadings to the proof? Yes. And you're saying that's not permissible in criminal law? No. Again, because of the problems that perhaps you'll end up broadening the indictment because you may have problems with adequate notice to a defendant and because you may have double jeopardy problems when one set of facts is alleged but a different set of facts is proved. Well, how much fact do we have to have? I mean, could it be that the information, if you want to go that way, or the indictment resisted arrest under such and such statute in that the defendant refused to be handcuffed? Well, in this case, the facts that would have been added. Would that be too broad? Would that not be not specific enough? Yeah, that would be too broad, I would say, for the same reasons. Do we have any cases where language is such, as I just gave you, that that would be a challenge as to the sufficiency of the indictment information? That just a broad charge, more or less, that if I understood your point. Yeah, I just gave you some language. You said it's too broad. Is there any case that says it's too broad? I'm relying on general principles, Your Honor. Okay, yeah, I know. Not in any case in particular. I did cite in my case, I believe it was the Davis case, where there was a charge of theft of a watch, but it turned out to be theft of money. And that charge was insufficient because of the difference. So the proof at trial was money theft, not property theft. Right, exactly. And here the proof of this trial was it did not conform to the charge, which, again, I submit to the court, was a bill of particulars from the grand jury. And what do you mean a bill of particulars? Normally a bill of particulars is usually repressed by the defendant to the prosecution. Right. What I'm saying is that the grand jury's particularization of the facts was tantamount to a bill of particulars. They reduced the evidence that was presented to them, and they found that the violation that had occurred here was the defendant pulling her arms away from the officers. Okay, let's look at it from the other hand. Okay, a request for a bill of particulars, do you agree the defendant could submit a bill of particulars? Yes. To the people, to the state? Yes. Now, in response to that bill of particulars, if during the course of the trial there's something that deviates from that particular bill of particulars? Yes. Do we have case law that says that's not permitted? I believe there is case law that says that that is not permitted. That's what the bill of particulars is intended to guard against. Okay, so it's a binding document at the point you receive it as a criminal defense attorney as to what and only what the state can present in support of the criminal offense. That's my understanding. That's the purpose of the bill of particulars, to narrow the charge, the facts that constitute the wrongdoing, so that the defendant has adequate notice of what he needs to defend against, what the charge is based on. But surely there's some case law out there that suggests that there's, I mean, we know the reality of criminal prosecution. There's a lot of offenses being charged. Yes. And we know that bill of particulars probably aren't used that much any longer, but say they are, that there's going to be deviation from that bill of particulars with the evidence that's presented in trial. And there's surely some case law out there that would suggest that there's deviation that's acceptable, there's deviation that's not acceptable. I would not disagree with that, Your Honor. And you have cited, have you cited that? No, I have not cited that. Okay. I have cited cases for the proposition that there should be no material deviation from the charge. Okay, that's the legal concept of material. So this case really resolves around is there a material deviation? Yes, and that's why I am asking the court to, or informing the court that this case provides an opportunity for the court to explore and perhaps define in Illinois what constitutes an essential element, because when facts are considered to be essential elements, at that point the law states that a proof cannot deviate from the essential element. Well, an essential element isn't necessarily a fact. A fact can go to establish an essential element. Yes. And what I, the opposing counsel is probably going to tell us what those facts are that establish that essential element. Well, in this case, the essential element addresses the operative facts conduct that constituted the breaking of the law. And in this case, the grand jury decided that it was the pulling away of the arms that constituted the breaking of the law. And if that conduct is considered an essential element because it's the conduct that That it was not established that there was pulling away. Right. That violated the law, then they'd understand where I was. Yes. Can I pick on you for a few minutes? Sure. If I understand your argument correctly, then I think the state's good faith is evident in the record. The indictment is specific. It's not broad. It does focus on the hands and the handcuffing. But I think your argument is when the state chooses to draft a charging instrument that is specific, then the specific facts become the essential elements that have to be proven and tried. Is that your argument? Yes. That is my argument. So if we, there's a couple possibilities here. We could agree with you that the state didn't prove that she was pulled her hands away and therefore she should, her conviction should be reversed. Yes. But can't we reach the same principle of law that you're asking us to develop if we find that the facts of her stiffening of her arms were sufficient to meet the requirement on those essential elements? Is that a possibility in your mind? There is no question that there was conduct in this case that constituted resisting arrest. I'm not questioning that. What I am saying is that if that was the conduct that this other conduct that was not charged was what constituted the breaking of the law in this case, that's what should have been charged, not the pulling of the hands, which there was no evidence of that in this case. Okay. What you're saying is that that conduct that was charged was not established at trial. Exactly right. And that was the only conduct that could lead a jury to conclude the offense of resisting arrest occurred. Yes, if that conduct, the charged conduct is considered. Because any other conduct that might come out in this trial, if it doesn't go to the hands, we can't look at it, right? Yes, if she had, for example, gone limp, no relation to the handcuffing, or she would have twisted away with no relation to the handcuffing. So the defense counsel could move for an acquittal if all the evidence presented by the prosecution was she went limp? Yes. And there could be no valid finding of guilt of the offense of resisting arrest. That's your position? Yes. Her guilt was not proved beyond a reasonable doubt, is my position, based on the charge. Well, that's where all of the law about billing particulars would come in as a fairly instructive and perhaps binding. And in addition, also, Your Honor, I would suggest that the law on indictments would support that. Okay. But, again, all of this goes to the question of what is and what is not an essential element. That's where I think a definition of what constitutes an essential element would be helpful, if the Court agrees with that. Thank you. Of course. Any other questions? Thank you, Mr. Dufresne. Thank you, Your Honor. Ms. Kraff? Good morning. Could you say your name for us, please? Yes. Good morning. Kelly Kraff. Kraff. Kraff. May I please the Court? Counsel? My name is Kelly Kraff, and I represent the people of the State of Illinois in this matter. This Court should affirm the lower court's ruling that defendant committed the offense of resisting a peace officer because the evidence presented at trial established beyond a reasonable doubt that defendant's act of resistance supported a conviction of resisting a peace officer as charged. To sustain a conviction of knowingly resisting a peace officer, the State needed to prove three things. One, the defendant knew the officer was a peace officer. Two, the officer was performing an authorized act in his official capacity. And three, defendant knowingly resisted a peace officer. In this case, all of these elements were met. So with regard to Mr. Durango's argument, you're saying that it is not necessary to prove that she pulled her hands away? No. The indictment charged her specifically with pulling her hands away during handcuffing. The State contends that the charge of pulling her hands away during handcuffing is basically the same as what the officers testified to at trial. The officers testified to the following. The defendant resisted by struggling to keep her hands apart from being handcuffed and by tightening up her arms and keeping them underneath. And which of those is pulling her hands away? The State would submit that struggling to keep her hands apart from being handcuffed closely mimics the language in the indictment, that she pulled her hands away during handcuffing. The prosecutor has absolute discretion about what to charge, whether to charge. Is that correct? Correct. So the decision was made to charge this as resisting by pulling the arms apart. Correct. Not pulling the arms apart, I'm sorry, pulling the arms away. Pulling her hands away, correct. Okay. So he's decided that there will be a battle and what that battleground will be. So what's the justification for shifting the battleground? Shifting the battleground to differ from what the testimony? No, different from what was charged. The State would submit that pulling her hands away is very similar to struggling to keeping her hands apart. And the State would, if this court was to adopt something that said it would need to be that specific, it could be a simple example of saying that, for instance, a person battered a woman with her left hand. But then at trial it says the person battered a woman with her right hand. And then if the court was to adopt something that was that specific, that person who battered the woman may be found not guilty. Okay. Mr. Durango's point is that the prosecutor has access to the police officers, has access to the police reports, and is in a position to know exactly what was done, what the testimony will be. So why does the prosecutor not charge that? I would like to bring up the case of People v. Smith that this court decided, and I think it's very instructive on this matter. That case of People v. Smith from this district states that even if a variance exists, when the evidence at trial establishes an act from which the truer fact could find the defendant guilty, the variance is not fatal to defendant's conviction when that variance is immaterial and does not mislead the accused in making his defense. In that particular case, the complaint charged the defendant with obstructing his own arrest by exiting his vehicle and refusing to return to it. The defendant argued that he was not even under arrest at the time he exited the vehicle. However, that charge was that he obstructed his own arrest. So this court decided between arresting defendant. This court compared the language of arresting defendant, which was in the indictment, versus issuing defendant a citation. And this court found that that difference was immaterial. Smith found that the state only needed to prove the elements of obstructing a peace officer, which were defendant knowingly obstructed a peace officer, the officer was performing an authorized act in his official capacity, and defendant knew he was a police officer. And that's what Smith decided that was the case from this district. And I would think that that's very instructive on this matter because the difference between struggling to keeping her hands apart and pulling her hands away during handcuffing, the state does not see a material difference. The issue with Smith was whether or not the person was arrested. Correct. It wasn't the actions that were done with regard to obstructing. That is correct. So we're dealing here with resisting. Yes. And that's what's at issue. So what Smith was deciding was not the same thing. I think the case is analogous. Okay. Really, we're here right to this idea of what's an acceptable or unacceptable variance. And is there, have you seen any bill in particular at all that would establish that general range of variance that would be material or immaterial? I know what the prosecutor's going to do because if we say it has to be that specific in your example of left or right-handedness, they're going to charge left and right-handedness. They just won't prove one because the evidence won't be there. They don't have to explain that. There was, and I can't remember the case, but it was a brief that I did quite some time ago, and it did discuss this issue about the bill in particular. It was about the date, and that was about a date, though. Not about the action of the defendant. It was about the actions. Okay. The alleged action that they're going to attempt to prove of the defendant that goes to the element of the charge. Yes. The one case that opposing counsel did mention, the Daniels case he talked about, where there was a difference between a currency and a watch. The state would submit that that case, and those are two completely different things. Currency, the indictment charged currency, but it was found, the evidence at trial showed the defendant took a watch. Here, struggling to keep her hands apart and pulling her hands away. The state would say it's not a material difference. That's your position? That is the state's position. The state's position is that the essential elements, the elements of resisting a peace officer were proved at trial, and there was sufficient evidence to prove those elements. But that was the only behavioral act of resistance that was charged, right? Yes. Specifically, she pulled her hands away during handcuffing. And that's what came through the indictment? Correct. Okay. Yes. How many counts were there in the indictment? They charged her with, she was charged with battery. Aggravated battery. Aggravated battery. Based on what act? Based on, when the officers entered her house, the officers testified that they felt that she was interfering with the arrest of her son. And then she punched, according to the officer's testimony, one of the officers. I think it was kicked. So I might be wrong. Sometimes, you know, we read these briefs long before the arguments. Whether it's punched or kicked, the indictment here seems, communicates to me, that the state was trying to delineate between two separate acts. One was kicking and punching. That supported a felony charge. And the other was pulling or resisting handcuffing, the misdemeanor charge. So the jury acquitted her of the felony charge. Correct. Should we take that into consideration when we decide whether there was a fatal variance on the misdemeanor charge? No. Because if, and I can't think of the case off the top of my head, but there is a case law on that. If she is acquitted on one of the charges, that does not mean that she did not, in fact, resist arrest. Okay. Thank you. The indictment does say, under the resisting a peace officer charge the state alleged, defendant knowingly resisted the performance of James Block, of an authorized act within his official capacity being the arrest of the defendant for battery to James Block, knowing James Block to be a peace officer engaged in the execution of his official duties, in that she pulled her hands away during handcuffing, in violation of Chapter 720, Section 531-1A. And the state would submit that all of those elements were met at trial, and that there was sufficient evidence presented for the trier of fact to find the defendant resisted arrest. The state would submit there's no difference between the charge and the facts that were proved at trial, at least material, no material difference. And ultimately, it is for the trier of fact to determine if the defendant physically resisted arrest. What is surplusage? Surplusage. The state would say that the language in this indictment was not surplusage, was not extra language that wasn't necessary. The state would say that that is the act that they charged, and we do feel that she was, the evidence at trial established that she did pull her hands away during handcuffing by struggling to keep her hands apart. So the state wouldn't say that that was surplusage. The state would say that that was exactly what happened here. She pulled her hands away during handcuffing. The officers, and it's very possible that the officers, when the state was questioning the officers prior to their testimony for the grand jury, it's very possible they did say she pulled her hands away during handcuffing, but then when they got on the stand during the bench trial, they may have said she struggled to keep her hands apart from being handcuffed. So it is very possible that they may have said that initially, and then while they were out on the stand. That's Mr. Durango's point, that his client was put on notice of a certain conduct, and the officers changed their testimony during trial. The state would say it's the same thing. All right. Somebody argued with you. Yes. The state would say that's the same thing, and moreover, the state would argue that she was not harmed in any way by this indictment in preparing her defense. She was put on notice that the charge, her act, was that she pulled her hands away during handcuffing. So the defense has not stated in what way they would have changed their trial strategy had the language specifically been she struggled to keep her hands apart from being handcuffed. They don't have to disclose their trial strategy. The issue here is whether the state proved an essential element that the state undertook to prove. That is so. That is true. You're right. But you're saying that this does not arise to my defense is going to be there was no watch. Right. And instead the state goes and talks about stealing money. Right. But that doesn't rise to that level of fairness. It does not. It does not. So that they were arguably inferentially not prejudiced. Correct. In defending them in their defense. Correct. She said she went limp. She did. She testified that she went limp and did not testify that she pulled her arms apart. No, she testified that she did not resist arrest and that instead she did go limp. Under the case of People v. Haynes, which I did cite in my brief, going limp is a physical act of resisting a peace officer. I realize that's not what was charged in the indictment, but the trier of fact did hear her testimony that said she went limp. And, again, it is ultimately up to the trier of fact to determine if the defendant physically resisted arrest. So what if her only testimony had been, and what if the officer's testimony had been that she somehow tripped them? Does that satisfy it? It would have to be based on the other testimony. There were four officers that testified in trial. I'm saying suppose there's no evidence at trial with regard to her hands at all. It's just she tripped them. It's resisting. Is that enough? I would say there could be an argument made that, I mean, the defense certainly would have an argument that those two are completely different things. But in this case, pulling her hands apart and struggling to keep her hands apart are very similar. It's not the difference between a trip and pulling her hands apart. The testimony was still her hands, struggling, or pulling. And that's not materially invariant, right? That's what the state would say. No, it's not material. Not a material difference. Are there any other questions? Thank you very much. Thank you. Mr. Durango, any rebuttal? I think many of the questions addressed to Hilton Koppel are covered in the briefs. I just want to reiterate that. What salutary purpose would be served by having a definition of what constitutes an essential element in Illinois? Having a definition, that definition, in Illinois law would, I submit, address concerns about double jeopardy and would avoid questions about whether indictments were improperly brought. So there are beneficial aspects to having a definition of what constitutes an essential element. Could you define from your understanding the definition of essential element? Right. I am asking the Court to simply follow the Seventh Circuit's definition, which is that an essential element is one that is necessary to establish the legality of the behavior. So what was it that established the legality of the behavior in this case? The allegation that she pulled her arms away. And again, that allegation... Testimony of keeping her arms apart would not suffice. That's a different act, distinct act. But they're both resistant. I thought your point was that it has to be what's charged. Exactly. That's what I'm saying. Well, yeah, that's why I wanted you to define essential element because I think that one's an apple and one's an orange. I think you've conflated the two. I think what you're really saying is that it was a material... The behavior that was charged, which is going to be established to prove the element of resistance, was materially variant from what was established at trial. Isn't that your argument? That is correct, Your Honor, but I take it a step further because if that is an element of the offense, it is an element that was not proved beyond a reasonable doubt. So I view this case not as a variance case but as a reasonable doubt case where an essential element of the charge was not proved. Well, apparently the trial... This was a bench trial, right? Yes. Apparently the trial judge thought it was proved beyond a reasonable doubt given the only evidence there was that her hands were apart, okay, whatever the language was again. Yes, I guess I'm having problems because I think they're similar maybe. Pulling apart or keeping apart, I think, is what was testified to. Yes, she kept her hands apart. Testified by the officer. By the officer. She said she didn't do it. All defendants. Yes, yes. Okay, so my point is that's the behavior going to an essential element. Apparently the trial judge thought that was established. Well, again, there's no question that there was behavior in this case, that would have constituted. No, no, no, you're going back now. Let's get back to where your real argument is. Is that what was charged in terms of the specific behavior prejudiced this defendant as to her defense because all the officer testified to was kept her arms apart. Yes. Whereas she went to trial saying, I'm going to defend against the pulling my arms away. Yes, yes. Which raises the whack-a-mole situation where a defendant is not truly aware of what they're being accused of. It's a question of notice. It's a question that, again, raises double jeopardy concerns. And, again, it's a question of maybe improperly broadening an indictment because you have a charge packed that differs from the proof at trial. What do you understand her defense to have been in this trial? Simply that she didn't resist arrest, period. Because she went limp? I think she said she went limp. Yes, she did limp, although that is not really a defense. I was going to say that. A behavior that consists of resistance in the very statute. Yes, yes. But, again, again, it matters what the charge says. We can't have charges that allege one set of facts and have that mean nothing in finding a defendant guilty. And what I'm saying is that, especially with general statutes, it's very important to specify what conduct constituted the lawbreaking, and that's where a definition of what intersectional element, a definition of that term would be helpful, particularly when dealing with general statutes. So are you saying that the prosecutor defines what's an essential element by what's charged? The prosecutor certainly has a heavy hand in deciding what is charged and what the prosecution deems to be the unlawful conduct in a case. So you're saying, if I'm understanding you correctly, that within the broad range of all of the things that can constitute resisting arrest, whatever it is that the prosecutor charges becomes the essential element of resisting arrest for that case? Yes, ma'am. So as a follow-up, your position would be, if the indictment alleged you resisted arrest by going in, then you wouldn't be here, are you? I would not be here. I would not be here if that was the situation, if that situation would have occurred in this case. And my concern is that if we were to go that far, then the indictments and the charging instruments, as Justice Holdridge noted, are going to become much more general, and that would require more bills of particulars. We'll debate that later. Or they'll become run-on specific things, in that the defendant did X, Y, Z, X, Y, Z, X, Y, Z. That's certainly a concern, but I think the concern that I'm raising for the Court, or the concerns outweigh that concern, because I'm talking about constitutional concerns for the defendants of being put on notice, of not having charges brought in on indictment changed, so that they can be found guilty under different sets of facts that are alleged, and of being possibly exposed to double jeopardy. Well, a charge is conclusory. I charge you with resisting arrest, but then I have to be specific in that, and then I have to allege specific behaviors. Yes. Yes. And what you're saying is, you didn't allege that specific behavior, you established the trial, that's all you established, ergo I should be acquitted, right? Exactly. The wrongdoing that was established by the proof was different than the wrongdoing that was charged in the indictment. Just as in the Davis case, the wrongdoing that was charged in the indictment was different than the proofs at trial, and that was the money... Versus watch. Yes. If the Court has no further questions, we would ask that the defendant's conviction be reversed, because the State failed to prove her guilty beyond a reasonable doubt. Thank you, Mr. Durango. We thank both of you for your arguments this morning. We'll take the matter under advisement, and a written decision will be issued. The Court will stand in brief recess for a panel change.